UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSE A. ROSAS,

    Petitioner,

    v.

BRIAN DUFFY, Warden,

    Respondent.

Case No. 13-cv-05787-JST (PR)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Jose A. Rosas, a prisoner at the California Medical Facility, filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. He has paid the $5.00 filing fee.

## BACKGROUND

In 2010, a San Francisco Superior Court jury found petitioner, a physician, guilty of sexual offenses against many of his female patients. He was sentenced to 10 years and 8 months in state prison. The California Court of Appeal struck the sentences on two of the counts, and in all other respects affirmed the judgment. The Supreme Court of California denied review. Petitioner also filed unsuccessful petitions for writ of habeas corpus in the state courts. The instant action was filed on December 13, 2013.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A

district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner claims that defense counsel rendered ineffective assistance in various ways listed in the petition.  Liberally construed, this claim appears to be cognizable on federal habeas review.

## CONCLUSION

1. The Clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California.  The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within **ninety-one (91) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent within **twenty-eight (28) days** of the date the answer is filed.

3. Respondent may file, within **ninety-one (91) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

4. Petitioner is reminded that all communications with the Court must be served on

respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  See Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

5. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

6. Petitioner's motion to proceed in forma pauperis (Docket No. 2) is DENIED, petitioner having paid the filing fee.

7. The Clerk shall terminate Docket No. 2.

**IT IS SO ORDERED.**

Dated:  April 2, 2014

_____
JON S. TIGAR
United States District Judge