UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE A. ROSAS,<br><br>   Petitioner,<br><br> v.<br><br>JOHN RATHMAN, Warden,<br><br>   Respondent. | Case No. 13-cv-05787-HSG (PR)<br><br>**ORDER DENYING REQUEST FOR RECONSIDERATION**<br><br>Re: Dkt. Nos. 34, 35 |

   On December 13, 2013, petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court denied the habeas petition on the merits, declined to issue a Certificate of Appealability, and entered judgment in favor of respondent on November 17, 2015. On January 6, 2016, petitioner filed a letter stating the following:

> Honorable Judge:
>
> According to the last letter of my appellate attorney Chris R. Redburn, he informed me that besides the decision of the Court of Appeal to remove counts 4 and 5, the issues he raised in the Opening Brief & the Reply Brief on my direct appeal, case No: A129711, and filed at the Court of Appeal of San Francisco, in 2011 and 2012 respectively, are preserved for being reviewed in this Federal Court along with my petition for a writ of Habeas Corpus. In the document that I received last December first of this year, I didn't find discussion about the section D, of the II issue, on page 36 of the Opening Brief, where he described and documented the ineffective assistance of trial attorney. If the Court of Appeal didn't provide your office with those documents, I'll be glad to mail a copy to your office.

Dkt. No. 34. Petitioner filed the identical letter again on February 8, 2016. *See* Dkt. No. 35.

   The letter appears to be a request for reconsideration of the Court's November 17, 2015 order denying the habeas petition on the ground that the Court failed to consider issues raised in petitioner's opening brief on direct appeal of his conviction to the California Court of Appeal.

Because the letter was filed after judgment was entered, it is construed as a request for relief from judgment under Federal Rule of Civil Procedure 60(b). *See* Civil L.R. 7-9(a) (allowing motions for reconsideration only with respect to pre-judgment interlocutory orders). Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. *Id.*

Petitioner's letter fails to make the showing required under Rule 60(b) or otherwise to show good cause for reconsideration. The Court's November 17, 2015 order addressed all the claims raised in the petition. To the extent petitioner sought to bring additional claims raised in his opening brief on direct appeal in state court, it was his responsibility to include them in his federal petition. A federal petition does not implicitly incorporate all claims raised by a petitioner in state court. Accordingly, the request for relief from judgment is DENIED.

No further filings will be accepted in this closed case.

**IT IS SO ORDERED.**

Dated: 2/10/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge